IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLUFEMI OKUNOREN                                          PLAINTIFF

VS.                                  CIVIL ACTION NO. 3:08CV178TSL-JCS

UNITED STATES OF AMERICA                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Untied States of America to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff Olufemi Okunoren, who is proceeding pro se, has responded in opposition to the motion, and the court, having considered the memoranda of authorities submitted by the parties, concludes that the motion should be granted.

On March 24, 2008, plaintiff filed his complaint in this cause against the Internal Revenue Service (IRS) alleging that for the tax years 1991 through 2003, the IRS did not send him statutorily required notices of deficiency, and further did not send him notices informing him of his right to a due process hearing and other rights available to him prior to any levy for amounts alleged to be owed for the years in question.[1] He alleged

---

[1] The court notes that the IRS may not be sued in its own name and therefore, an action against the Service is deemed to be an action against the United States. See Freck v. Internal Revenue Service, 37 F.3d 986, 988 n.1 (3d Cir. 1994).

additionally that for the years 1991 through 2000, the IRS did not send him a letter by certified mail denying his claim for refunds. Plaintiff concludes that "[b]y thus violating [his] right to due process, [the IRS] has levied and collected funds illegally from Plaintiff and threatened to seize Plaintiff's properties." Based on these allegations, plaintiff requests that the court "halt [the IRS's] illegal activities" and order it "to refund to Plaintiff all monies collected from Plaintiff by means of levies without the proper notices." He further seeks "monetary relief for the pain and distress caused by the Defendant over the past ten (10) years by willfully, negligently, and persistently violating [his] right to due process."[2] The complaint makes no reference to any code section upon which plaintiff may be relying.

The Government has moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction, arguing that since the plaintiff's complaint is based on an alleged violation of his collection due process rights, then pursuant to 28 U.S.C. § 6330(d)(1), the proper forum for his claim is not the district court, but rather the Tax Court, which has exclusive jurisdiction

---

[2] On the same day, plaintiff filed a "motion for temporary and permanent restraining order." In this pleading, plaintiff recited that his attorney had died and that he was trying to retrieve his records from counsel's estate. He further urged that defendant had failed to produce to his deceased counsel records and that because defendant's activities violated his due process rights, a restraining order should be entered.

2

over income tax deficiencies. See 29 U.S.C. § 6330(d)(1) (providing that "[n]o levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.");[3] Voelker v. Nolen, 365 F.3d 580, 581 (7th Cir. 2004) (concluding that case which challenged IRS's failure to afford collection due process hearing relating to income taxes was within exclusive jurisdiction of Tax Court, and noting that, notwithstanding taxpayer's argument that his claim

---

[3]
As background,
> In 1997 and 1998, the Senate Finance Committee held highly publicized hearings on purported abuses by the Internal Revenue Service. The hearings led to the enactment of the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA of 1998). The RRA of 1998 added I.R.C. sections 6320 and 6330 to the Internal Revenue Code, the so-called "due process" hearings for collections. I.R.C. sections 6320 and 6330 entitle taxpayers to demand pre-collection hearings before the Internal Revenue Service to review the propriety of its proposed collection action. A taxpayer dissatisfied with the pre-collection hearing is now permitted to appeal the Internal Revenue Service's determination to either the United States Tax Court or the appropriate district court. Congress's enactment of I.R.C. sections 6320 and 6330 represents a dramatic departure from firmly established practice that, after assessment of a tax, any judicial review to which a taxpayer is entitled must be rendered post-collection. Further, prior to the enactment of I.R.C. sections 6320 and 6330, taxpayers had little right to judicial review of the Internal Revenue Service's collection actions.

The Tax Court's Jurisdiction over Due Process Appeals: Is it Constitutional?, 55 Baylor L. Rev. 453, 454 (2003). In 2006, § 6330 was amended to provide that appeals of the IRS's rulings could be made only to the Tax Court.

3

did not involve taxes per se but rather only his right to a due process hearing, "the crux of his dispute with the IRS [was] obviously his income tax liability"); White v. United States, 250 F. Supp. 2d 919, 922-23 (M.D. Tenn. 2003) (applying § 6330(d)(1) and concluding that Tax Court had exclusive jurisdiction over income tax liability claims and procedural due process claims arising from collection due process hearing).[4] Likewise in the case at bar, the root of plaintiff's claim, as evident from his submissions, is not merely the fact that he was not provided the required notice but also a challenge to the extent of his alleged tax liability. Accordingly, it would seem, based on § 6330, that jurisdiction over the claims in plaintiff's complaint properly lies in the Tax Court, not this court.

---

[4] Section 6330 provides that in a collection due process hearing before an officer or employee of the IRS Office of Appeals, to which a taxpayer is entitled after notice of levy, the taxpayer "may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Ferguson v. C.I.R., 2009 WL 1299564, 5 (5th Cir. 2009) (quoting § 6330(c)(2)(B)). Thus, a taxpayer may challenge an underlying liability in a Collection Due Process hearing only if he did not receive statutory notice of the deficiency. Freije v. C.I.R., 2009 WL 1220745, 2 (7th Cir. 2009). See also Daleiden v. C.I.R., 2009 WL 661905, 1 (11th Cir. 2009) (explaining that a taxpayer "may challenge the existence or amount of the underlying tax liability at a Collection Due Process hearing, but only if the taxpayer did not receive a Notice of Deficiency."). Plaintiff herein alleges that he was not afforded the statutory notice of deficiency and was therefore entitled to challenge the claimed deficiency in a Collection Due Process hearing, but was not given notice of his right to such a hearing.

4

Plaintiff, however, without so much as acknowledging the Government's argument in this regard, asserts in his response that he is seeking relief herein pursuant to 26 U.S.C. § 7433, and that jurisdiction is proper under 28 U.S.C. § 1346(a)(1). The former section provides as follows:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

Section 1346(a)(1) states, "District Courts shall have original jurisdiction over any civil action against the United States for the recovery of any Internal Revenue Tax alleged to have been erroneously or illegally assessed or collected."

As the government correctly points out, "[t]he United States may not be sued except to the extent it has consented to such by statute," and "[a] waiver of sovereign immunity cannot be implied, but must be unequivocally expressed." Shanbaum v. United States, 32 F.3d 180, 182 (5th Cir. 1994) (citations omitted). Section 1346 is "a general jurisdiction statute that does not constitute a separate waiver of sovereign immunity," id., but in conjunction with other provisions, such as § 7433, may provide a waiver of sovereign immunity. Indeed, § 7433 does "provide a limited waiver of sovereign immunity." Glass v. United States, 2003 WL 21418138, * 1 (5th Cir. June 13, 2003). This statute "limit[s] the sovereign

5

immunity waiver by requiring taxpayers to file administrative claims before seeking remedies under th[is] statute[]." Id. (citing 26 U.S.C. § 7433(d)(1) (no damages "unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the" IRS)). "[W]hen a plaintiff suing the United States has failed to satisfy the terms of a waiver provision, the court lacks jurisdiction." Id.

As the court in Glass detailed:

> The requisite administrative procedures necessary for bringing a § 7433 claim are found in 26 C.F.R. § 301.7433-1(e). Shaw v. United States, 20 F. 3d 182, 183 (5th Cir.), cert. denied, 513 U.S. 1041, 115 S. Ct. 635, 130 L. Ed.2d 540 (1994). This regulation states that putative plaintiffs must file an administrative claim and wait six months before bringing an action in district court. 26 C.F.R. § 301.7433-1(a) & (d). The claim must be in writing and signed by the taxpayer or his authorized representative and must state: the taxpayer's name and address; the grounds for the claim; a description of injuries; and the dollar amount of the claim. 26 C.F.R. § 301.7433-1(e).

In plaintiff's response to the Government's motion, he asserted that in February 2004, the IRS wrongfully levied and collected on the sale of certain real property while an Offer in Compromise was pending, in violation of applicable IRS regulations.[5] In a

---

[5] Plaintiff recites *in his response* that in September 2003, he filed an Offer in Compromise with the IRS, pursuant to 26 C.F.R. § 301.7122. He states that when he sold his house in Georgia in February 2004, while his Offer in Compromise was still pending, the IRS issued a levy and illegally collected $153,000 (notwithstanding that the tax lien of record was only for approximately $49,000). Plaintiff thus asserts *in his response* that when the IRS levied on his property in February 2004, it violated 26 C.F.R. § 301.7122(g)(1), which provides, "The IRS will

6

surrebuttal filed by plaintiff (without leave of court), plaintiff claims that, following the alleged wrongful levy, he filed amended tax returns for the years 1991, 1992 and 1995-2001 as part of an Offer-in-Compromise and as an administrative remedy. Evidently, he takes the position that his filing of these amended returns satisfied the requirement of administrative exhaustion. In the court's opinion, however, plaintiff's amended tax returns would not have contained information pertinent to the resolution of a putative claim that an IRS employee acted either negligently or wilfully with regard to the collection of federal taxes. Thus, the court concludes that plaintiff's amended returns do not qualify as administrative claims and therefore, the court concludes that plaintiff has not exhausted any claim under § 7433 and that the court lacks subject matter jurisdiction over any putative claim under this section.[6]

---

not levy against the property or rights to property of a taxpayer who submits an offer to compromise, to collect the liability that is the subject of the offer, during the period the offer is pending, for 30 days immediately following the rejection of the offer, and for any period when a timely filed appeal from the rejection is being considered by Appeals." Even broadly construed, plaintiff's complaint does not arguably assert a claim based on these allegations, which appear nowhere in the complaint. The court does not consider or address whether jurisdiction would lie over a claim that has not been pled.

[6] Plaintiff has filed an unauthorized surrebuttal, in response to the Government's hypothesizing that he might be attempting to assert a claim for a tax refund under 26 U.S.C. § 7422, in which he now seeks to "clarify" the basis for his claim for a tax refund. In fact, nothing in plaintiff's complaint can fairly be construed as asserting a claim for tax refund under §

7

The Government further argues, with respect to plaintiff's specific claim for injunctive relief, and in connection with his separate motion for "temporary and permanent restraining order," that the requested relief is barred by the Anti-Injunction Act. Plaintiff purportedly seeks to enjoin "the illegal activities of the defendant" which are in violation of his due process rights, presumably including any efforts to levy or collect taxes. This court lacks jurisdiction to award any such relief.

The Anti-Injunction Act bars jurisdiction for suits seeking injunctions of the collection of federal taxes. See 26 U.S.C. § 7421(a) (prohibiting federal courts from entertaining suits to "[restrain] the assessment or collection of any tax" except under specific circumstances). As a result, unless a plaintiff can establish that he falls within an exception to the Act, a court does not have jurisdiction to enter an order affecting the assessment or collection of federal taxes. White v. U.S. Government Dept. of Treasury, 969 F. Supp. 321, 323 (E.D. Pa. 1997) (citations omitted). The Supreme Court has recognized an exception to the Anti-Injunction Act, holding that injunctive relief is appropriate if a plaintiff can show that (i) under the most liberal view of the law and facts, the United States cannot establish its claim, and (ii) there is no independent basis for equity jurisdiction. Id. (citing Enochs v. Williams Packing &

---

7422.

8

Navigation Co., 370 U.S. 1, 7, 82 S. Ct. 1125, 1129, 8 L. Ed. 2d 292 (1962); Bob Jones Univ. v. Simon, 416 U.S. 725, 745, 94 S. Ct. 2038, 2050, 40 L. Ed. 2d 496 (1974)). See Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S. Ct. 1125, 1129, 8 L. Ed.2d 292 (1962) ("[I]f it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and ... the attempted collection may be enjoined if equity jurisdiction otherwise exists"). In the court's opinion, plaintiff's claim does not fit within the exception. Plaintiff has not shown that the IRS cannot possibly prevail on his claims. Moreover, equitable relief is not available because plaintiff has (or had) an adequate remedy at law. He could have challenged the allegedly wrongful levy and collection by bringing a timely suit in the tax court under 26 U.S.C. §§ 6212 and 6213; or he could pay the disputed tax and, after filing a claim for refund with the Secretary of the Treasury, may sue for a refund, see 26 U.S.C. § 7422. Since this action does not fit within the exception to the Anti-Injunction Act recognized in Enochs, then, in addition to the reasons cited supra, the Anti-Injunction Act precludes this court from exercising jurisdiction over this action.

Based on the foregoing, it is ordered that the Government's motion to dismiss is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 18th day of May, 2009.

/s/ Tom S. Lee<br>
UNITED STATES DISTRICT JUDGE